# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH KELLY ALDUENDA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74487

**FILED**

APR 3 0 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____S.Young_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of attempted murder with use of a deadly weapon and battery with use of a deadly weapon causing substantial bodily harm. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Joseph Alduenda, 52 years old, approached a woman, whom he did not know, standing at a bus stop, and attacked her with a 15-inch hunting knife for no discernable reason. He stabbed her once in the back and once in the lower abdomen. In an excited state after the attack, Alduenda repeatedly told the arresting officers that he "had to kill her" because the victim was black and "fat."

Alduenda has a history of mental health issues, as well as a long criminal record, including violent crimes. He focuses his appeal on his conviction of attempted murder with use of a deadly weapon, arguing that no rational jury could have found that he intended to kill the victim beyond a reasonable doubt, a required element of the crime. Alduenda maintains that "[t]he only evidence . . . which supported the intent to kill element of the crime would be the mindless confused mutterings of this mentally ill person when he was arrested."

19-18817

"Where . . . there is substantial evidence to support the jury's verdict, it will not be disturbed on appeal." *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981). "[T]he question . . . is whether any rational factfinder could have concluded beyond a reasonable doubt that" Alduenda intended to kill the victim by stabbing her. *Jackson v. Virginia*, 443 U.S. 307, 313 (1979); *see Vega v. State*, 126 Nev. 332, 342, 236 P.3d 632, 639 (2010) (reviewing evidence "in the light most favorable to the prosecution" to determine whether "any rational trier of fact could have found [proof] of the crime beyond a reasonable doubt" (emphasis omitted) (internal quotations omitted)); *see also* NRS 193.330; NRS 200.010.

Applying these standards to this appeal, sufficient evidence supports Alduenda's conviction. That Alduenda was confused or anxious when he made the statements to the police about the victim did not rob the statements of all probative worth. *See Chambers v. State*, 113 Nev. 974, 981-82, 944 P.2d 805, 809-10 (1997); *cf. Colorado v. Connelly*, 479 U.S. 157, 166 (1986) ("Only if we were to establish a brand new constitutional right— the right of a criminal defendant to confess to his crime only when totally rational and properly motivated—could [defendant's] present claim be sustained."). The fact that the district court referred Alduenda for competency evaluations, which established he was competent to stand trial, does not alter this conclusion. And, the fact that Alduenda stabbed the woman twice, and with enough force to chip bone off her spine, independently supports the finding he had the intent to kill.

"This court will not reweigh the evidence or evaluate the credibility of witnesses because that is the responsibility of the trier of fact." *Clancy v. State*, 129 Nev. 840, 848, 313 P.3d 226, 231 (2013) (quoting *Mitchell v. State,* 124 Nev. 807, 816, 192 P.3d 721, 727 (2008)). We therefore

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. Douglas Smith, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk